25CA1957 Clementi v Watson 07-30-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1957
El Paso County District Court No. 25CV30994
Honorable Laura N. Findorff, Judge

Christina Clementi, as Personal Representative of the Estate of Tammy Lee Clementi, deceased,

Plaintiff-Appellant,

v.

Kevin Watson,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE SULLIVAN
Pawar and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 30, 2026

McFarland Litigation Partners, LLC, Gabe McFarland, Golden, Colorado, for Plaintiff-Appellant

Sparks Willson, P.C., Matthew A. Niznik, Colorado Springs, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Plaintiff, Christina Clementi (Clementi), in her capacity as personal representative of the estate of Tammy Lee Clementi (decedent), appeals the district court's order granting the C.R.C.P. 12(b)(5) motion to dismiss filed by defendant, Kevin Watson.  We reverse and remand the case to the district court.

## I.     Factual Background

¶ 2     We take the following facts from the allegations in Clementi's complaint.

¶ 3     Decedent married Watson in 1995.  She designated Watson as the beneficiary of her two retirement accounts administered by the Colorado Public Employees' Retirement Association (PERA).

¶ 4     Decedent and Watson divorced in 2012.  The couple's separation agreement, which was incorporated into a divorce decree issued by the El Paso County District Court, allocated the PERA accounts to decedent.  But while decedent removed Watson as the designated beneficiary from one of her PERA accounts, she inadvertently neglected to remove him as beneficiary from the second.

¶ 5     In 2023, decedent died of cancer.  The next year, PERA paid Watson benefits totaling approximately $400,000 from decedent's

1

PERA account that still listed him as a beneficiary. Clementi, as the personal representative of decedent's estate, requested that Watson return the benefits, arguing they had been paid to him in error. Watson refused.

## II. Procedural History

¶ 6 In 2025, Clementi sued Watson on behalf of decedent's estate, asserting claims for unjust enrichment, conversion, and contempt based on Watson's alleged violation of the divorce decree. She asserted that section 15-11-804(2)(a)(i), C.R.S. 2025, automatically revoked decedent's designation of Watson as the beneficiary of the PERA account upon the couple's divorce in 2012. As relief, she requested that the court direct Watson to transfer the PERA benefits to decedent's estate and impose remedial contempt sanctions.

¶ 7 Watson moved to dismiss the complaint for failure to state a claim under Rule 12(b)(5). He argued that section 15-11-804(2)(a)(i) didn't revoke his status as a beneficiary of decedent's PERA account because an administrative rule governing PERA benefits, PERA Rule 2.98, rendered the statute inapplicable. *See* Pub. Emps.' Ret. Bd. Rule 2.98, 8 Code Colo. Regs. 1502-1. Referencing documents that

he attached to his motion, Watson also argued that the beneficiary designation form filled out by decedent constituted a "governing instrument" that qualified as an exception to section 15-11-804(2)(a)(i)'s automatic revocation provision. *See* § 15-11-804(2) (automatic revocation provision applies "[e]xcept as provided by the express terms of a governing instrument, a court order, or a contract").

¶ 8 The district court granted Watson's request to dismiss the complaint, albeit on grounds different than those urged in his motion. The court first determined that PERA Rule 2.98 (not the beneficiary designation form) constituted a governing instrument that precluded applying section 15-11-804(2)(a)(i)'s automatic revocation provision to remove Watson as a beneficiary. In support, the court analogized to appellate decisions holding that federal statutes governing employee retirement plans preempt section 15-11-804(2)(a)(i)'s automatic revocation provision. According to the court, because Watson remained a beneficiary, Clementi hadn't plausibly alleged claims for unjust enrichment or conversion. As to Clementi's contempt claim, the court concluded that she hadn't

stated a plausible claim because Watson didn't willfully and knowingly violate the divorce decree.

¶ 9 Clementi moved for reconsideration, arguing that PERA Rule 2.98 didn't qualify as a governing instrument under section 15-11-804(2). She also noted that the court hadn't addressed her alternative request for leave to amend the complaint to add claims for reformation in the event the court was inclined to grant Watson's motion to dismiss.

¶ 10 Ninety-one days later, the district court reversed course and attempted to grant Clementi's reconsideration motion, explaining that discovery would be necessary to ascertain whether an "actual governing instrument" might trigger the exception to section 15-11-804(2)(a)(i)'s automatic revocation provision. Because the court ruled on Clementi's reconsideration motion more than sixty-three days after it was filed, however, the motion had already been deemed denied by operation of law. *See* C.R.C.P. 59(j) ("Any post-trial motion that has not been decided within the 63-day determination period shall, without further action by the court, be deemed denied . . . ."); *Cuevas v. Pub. Serv. Co. of Colo.*, 2023 COA 64M, ¶ 14, *aff'd in part and vacated in part on other grounds sub*

*nom.*, *Pub. Serv. Co. of Colo. v. Outdoor Design Landscaping LLC*, 2026 CO 6.

¶ 11 While Clementi's reconsideration motion was pending, she appealed the district court's dismissal order to this court.

## III. Discussion

¶ 12 Clementi contends that the district court committed multiple errors by granting Watson's motion to dismiss. We agree that the court erred by (1) concluding that PERA Rule 2.98 doomed Clementi's unjust enrichment and conversion claims and (2) misapplying remedial contempt law. We therefore reverse the district court's judgment.

### A. Standard of Review

¶ 13 We review an order granting a defendant's Rule 12(b)(5) motion to dismiss de novo. *Woodall v. Godfrey*, 2024 COA 42, ¶ 6. The purpose of a Rule 12(b)(5) motion is to test the complaint's "legal sufficiency." *Nesjan v. J & A Distrib., Inc.*, 2025 COA 81, ¶ 8. To survive such a motion, a plaintiff's complaint must state "a plausible claim for relief." *Warne v. Hall*, 2016 CO 50, ¶ 9 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Stated differently, the complaint's factual allegations must be "enough to raise a right to

5

relief 'above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

¶ 14    In evaluating whether a complaint meets this standard, we accept the complaint's factual allegations as true "and view them in the light most favorable to the plaintiff." *Woodall,* ¶ 8. But we aren't required to accept as true legal conclusions disguised as factual allegations or bare, conclusory assertions unsupported by factual allegations. *Id.*

¶ 15    Our review requires us to interpret statutes and administrative rules, which we also review de novo. *Barry v. Bally Gaming, Inc.*, 2013 COA 176, ¶ 9. In doing so, we look to the language of the statute or regulation and give words and phrases their plain and ordinary meanings. *Id.*

### B.    Legal Framework

¶ 16    Section 15-11-804(2)(a)(i) provides that "the divorce or annulment of a marriage . . . [r]evokes any revocable . . . disposition or appointment of property made by a divorced individual to the divorced individual's former spouse in a governing instrument." The statute carves out an exception, however, for the "express terms of a governing instrument, a court order, or a contract

relating to the division of the marital estate." § 15-11-804(2). A "governing instrument" is an "instrument executed by the divorced individual before the divorce or annulment of the marriage to the divorced individual's former spouse." § 15-11-804(1)(d).

¶ 17    PERA Rule 2.98, which became effective in 2022, purports to remove beneficiary designations for certain PERA accounts from the reach of section 15-11-804(2)(a)(i)'s automatic revocation provision. The rule states that "[t]he designation of a beneficiary under the defined contribution plan, 401(k) plan, 457 plan, or life insurance program, or of a cobeneficiary, co-annuitant, or named beneficiary under the defined benefit plan, is not subject to revocation pursuant to [section] 15-11-804, C.R.S., as amended." Pub. Emps.' Ret. Bd. Rule 2.98, 8 Code Colo. Regs. 1502-1.

### C.    Unjust Enrichment and Conversion Claims

¶ 18    Clementi argues that the district court erred by concluding that PERA Rule 2.98 constituted a governing instrument under section 15-11-804(2)'s exception to the automatic revocation provision. We agree.

¶ 19    Because decedent never "executed" PERA Rule 2.98 before her divorce, the rule didn't qualify as a governing instrument under the

7

statutory definition. § 15-11-804(1)(d). Thus, the court erred by concluding that the rule precluded applying 15-11-804(2)(a)(i)'s automatic revocation provision to decedent's designation of Watson as a beneficiary of the PERA account.

¶ 20 Watson nonetheless argues that PERA Rule 2.98 governs because PERA properly enacted the rule under its statutory authority. But even assuming that the rule was properly promulgated, we fail to see how it applies in this case.

¶ 21 Section 15-11-804(2)(a)(i) "causes, as a matter of procedure, the automatic revocation of a beneficiary designation of a former spouse *upon divorce*." *In re Estate of DeWitt*, 54 P.3d 849, 857 (Colo. 2002) (emphasis added); *accord In re Estate of Johnson*, 2012 COA 209, ¶¶ 7, 22. Therefore, based on the complaint allegations before us, which we must accept as true, the statute automatically removed Watson as the designated beneficiary of decedent's PERA account upon their divorce in 2012. When PERA Rule 2.98 became effective a decade later, Watson no longer held any interest as a beneficiary of the account. *See Johnson*, ¶ 7. This conclusion is supported by the language of the rule itself — nothing in PERA Rule 2.98 suggests that it applies retroactively to nullify past revocations

under section 15-11-804(2)(a)(i).  *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[A]dministrative rules will not be construed to have retroactive effect unless their language requires this result.").

¶ 22    We also aren't convinced by Watson's arguments that "PERA's rules are the governing instrument for PERA plans," and that decedent "expressly agreed to be bound by PERA's rules" when she signed PERA's enrollment paperwork.  Even putting aside PERA Rule 2.98's prospective application, our review at this Rule 12(b)(5) stage is confined to the allegations in the complaint.  *See Barnett v. Denv. Publ'g Co.*, 36 P.3d 145, 147 (Colo. App. 2001).  Clementi's complaint never alleged that decedent signed PERA's enrollment paperwork or agreed to be bound by PERA's rules, let alone rules that became effective long after her initial enrollment in PERA.

¶ 23    Accordingly, because the district court misapplied the exception to section 15-11-804(2)(a)(i)'s automatic revocation provision, we reverse the district court's order dismissing Clementi's claims for unjust enrichment and conversion.

## D.     Remedial Contempt Claim

¶ 24     Clementi also contends that the district court erred by dismissing her remedial contempt claim.  Again, we agree.

¶ 25     Clementi alleged that Watson was in contempt of court by retaining the PERA benefits in violation of the divorce decree.  She requested only remedial contempt sanctions.  The district court dismissed her contempt claim, reasoning that Watson didn't *willfully* violate the divorce decree.

¶ 26     To issue remedial contempt sanctions, the trial court must find that the contemnor (1) didn't comply with a lawful court order; (2) knew about the order; and (3) could comply with the order.  *In re Marriage of Cyr*, 186 P.3d 88, 92 (Colo. App. 2008).

¶ 27     Notably, the contemnor's willful violation of a court order isn't a necessary element of remedial contempt.  *See id.* ("[P]roof of willfulness is not required before a court may impose remedial contempt sanctions.").  The court therefore erred by dismissing Clementi's contempt claim on that basis.

¶ 28     We aren't persuaded otherwise by Watson's argument that decedent's beneficiary designation, rather than the divorce decree, governed how the PERA benefits would be distributed.  This

argument essentially repackages Watson's assertions that we've already rejected — namely, that PERA Rule 2.98 kept decedent's designation of him as a beneficiary intact. As discussed above, we see nothing in the complaint allegations or PERA Rule 2.98 that renders section 15-11-804(2)(a)(i)'s automatic revocation provision inapplicable in this case. *See supra* Part III.C.

¶ 29    Accordingly, we reverse the district court's order dismissing Clementi's contempt claim.[1]

## E.    Attorney Fees

¶ 30    Pointing to the district court's Rule 12(b)(5) dismissal, Watson requests that we award him attorney fees under section 13-17-201(1), C.R.S. 2025. *See Gagne v. Gagne*, 2014 COA 127, ¶ 74 ("Under [section 13-17-201], an award of attorney fees is mandatory when a trial court dismisses a tort action under C.R.C.P. 12(b)."). Because we've reversed the district court's order

---

[1] Because our disposition reinstates each of Clementi's three claims, we need not address her contentions that the district court also erred by (1) relying on federal preemption principles; (2) considering matters outside the pleadings; and (3) failing to address her alternative request for leave to amend the complaint. And although we reverse the district court's dismissal order, we express no opinion on the ultimate merits of Clementi's claims.

dismissing Clementi's complaint, we conclude Watson isn't entitled to attorney fees under section 13-17-201(1). *See Grear v. Mulvihill,* 207 P.3d 918, 923 (Colo. App. 2009).

## IV. Disposition

¶ 31    We reverse the district court's judgment granting Watson's motion to dismiss and remand the case to the district court for further proceedings.

JUDGE PAWAR and JUDGE HAWTHORNE concur.